IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | | |
|---|---|---|
| JALEN DANDRE REYNOLDS, | ) | Case No. 1:24-cv-316 |
| Petitioner | ) | |
| v. | ) | RICHARD A. LANZILLO |
| | ) | Chief United States Magistrate Judge |
| WARDEN SCI ALBION, et al., | ) | MEMORANDUM OPINION |
| Respondents | ) | ON PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS (ECF No. 6) |

## MEMORANDUM OPINION

Before the Court[1] is a petition for a writ of habeas corpus filed by Petitioner Jalen Dandre Reynolds pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated at the State Correctional Institution at Albion, serving a sentence of imprisonment imposed in the Court of Common Pleas of Erie County, Pennsylvania at Docket No. CP-25-CR-0002655-2017.

I.    Relevant Background

The record and the criminal docket for Petitioner's underlying convictions reveal that he was convicted, at a jury trial, of murder of the second degree, aggravated assault, recklessly endangering another person, conspiracy to commit robbery, and related firearms offenses. The underlying facts were summarized by the state courts as follows: "On June 29, 2017, [Petitioner], and two co-defendants, Taisha Santiago and Lashonda Dade, conspired to rob two individuals,

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

David Tate and Rashaad Jones. During the robbery, [Petitioner] shot and killed Tate and shot and severely injured Jones. . . ." ECF No. 9-1 at 1.

On August 9, 2018, Petitioner was sentenced to, *inter alia*, life imprisonment.

Petitioner filed a direct appeal, but that appeal was dismissed due to counsel's failure to file an appellate brief. Petitioner subsequently filed a petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, *et seq*. That petition was granted on September 28, 2020,[2] insofar as the PCRA court reinstated Petitioner's appellate rights *nunc pro tunc* and appointed new counsel to represent Petitioner.

Petitioner filed a timely new direct appeal. The Superior Court of Pennsylvania affirmed his judgment of sentence on August 19, 2021. *Commonwealth v. Reynolds*, 262 A.3d 544 (Pa. Super. 2021) (unpublished memorandum); ECF No. 9-1. The Supreme Court of Pennsylvania denied a petition for allowance of appeal on February 7, 2022. *Commonwealth v. Reynolds*, 272 A.3d 950 (Pa. 2022).

On June 1, 2022, Petitioner filed a PCRA petition. The PCRA court denied that petition; the Superior Court affirmed the PCRA's court order on August 27, 2024. *Commonwealth v. Reynolds*, 326 A.3d 462 (Pa. Super. 2024) (unpublished memorandum); ECF No. 9-4.

Petitioner commenced this litigation on October 29, 2024. ECF No. 1 at 15. His petition was filed on March 20, 2025. ECF No. 6. Respondents filed a motion to dismiss, in which they argue, *inter alia*, that the instant petition is untimely. ECF No. 9. Petitioner did not file a response to the motion. The motion and petition are now ripe for review.

---

[2] Respondents characterize the disposition of this petition as "dismissed." ECF No. 9 at 2.

II.    Analysis

    A.    Jurisdiction

The Court has jurisdiction under 28 U.S.C. § 2254, the federal habeas statute applicable to prisoners in custody pursuant to a state court judgment. This statute permits a federal court to grant a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution...of the United States." 28 U.S.C. § 2254(a). It is Petitioner's burden to prove that he is entitled to the writ. *See, e.g., Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 848-49 (3d Cir. 2017).

    B.    Statute of Limitations

In 1996, Congress made significant amendments to the federal habeas statutes with the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Among other things, AEDPA set a one-year limitations period for filing a federal habeas petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). AEDPA's one-year statute of limitations is codified at 28 U.S.C. § 2244(d). The date on which AEDPA's limitations period commences is determined on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113, 118-22 (3d Cir. 2004).

Petitioner asserts one ground for relief in his petition: ineffective assistance of trial counsel for failure to request a suppression hearing. ECF No. 6 at 5, 9. The statute of limitations for Petitioner's claim began to run on the date his judgment of sentence became final, in accordance with § 2244(d)(1)(A). That date was May 9, 2022, 90 days after the conclusion of his direct appeal, when the period for him to file a petition for a writ of certiorari in the Supreme Court of the United States expired.[3] *See* Sup. Ct. R. 13 (time for petitioning); *Gonzalez v. Thaler*, 565 U.S. 134, 149-

---

[3] Respondents incorrectly represent that Petitioner's judgment of sentence became final on November 22, 2019, following the dismissal of his first appeal, ECF No. 9 at 1, inexplicably disregarding the subsequent reinstatement of Petitioner's *nunc pro tunc* appellate rights and the appeal that followed.

50 (2012); 1 Pa.C.S.A. § 1908 (omitting from computation of time period the last day where that day is a weekend or holiday).

Twenty-three days later, Petitioner's PCRA petition was filed, which statutorily tolled ADEPA's limitations period from June 1, 2022, until September 26, 2024, when the time expired for Petitioner to file a petition for allowance of appeal from the August 27, 2024, order affirming the denial of his PCRA petition. Pa.R.A.P. 1113(a) (providing 30-day time period for filing petition for allowance of appeal after entry of Superior Court order).

The limitations period began to run again on September 27, 2024, with 342 days remaining therein. The instant petition was mailed on October 29, 2024, 32 days later.

Petitioner's habeas claim is timely.

C.    Ineffective Assistance of Counsel

As set forth above, Petitioner identifies his claim as one of ineffective assistance of counsel for failure to request a suppression hearing. ECF No. 1 at 5, 9. As Respondents correctly point out, however, ECF No. 9 at 2, Petitioner fails to set forth any supporting facts. In the "Supporting facts" section, Petitioner writes only "SEE ATTACHED." ECF No. 1 at 5. As Respondents also pointed out, ECF No. 9 at 2, nothing is attached.[4]

The court finds that this ground for relief is unreviewable because it lacks adequate factual allegations to state a discernable habeas claim. *See* 28 U.S.C. § 2254 Rule 2(c)(2) (requiring petitioner to provide "the facts supporting each ground" for relief); *United States v. Thomas*, 221 F.3d 430, 437-38 (3d Cir. 2000) (explaining that claims that are "conclusory and too vague to warrant further investigation" may be summarily dismissed). The court is unable to determine why

---

[4] After Respondent's motion to dismiss noted the absence of any attachment to the Petition, Petitioner took no action to supplement the Petition, indicating that the deficiency was not inadvertent or subject to correction. Furthermore, as discussed below, even if the Court were to allow Petitioner to supplement the Petition at this late date, he has procedurally defaulted his claim.

Petitioner believes that his trial attorney's performance was constitutionally deficient. Without such basic facts, this claim is unreviewable and must be dismissed. *See Thomas*, 221 F.3d at 437-38.

Furthermore, it appears that Petitioner's ineffective assistance of counsel claim is procedurally defaulted. Petitioner represents that he raised this claim in a PCRA petition and in the appeal from the denial of that petition. ECF No. 6 at 9. In his PCRA appeal, the Superior Court addressed two claims of ineffective assistance of counsel with regard to suppression: one concerning trial counsel's failure to file a suppression motion as to the traffic stop and one concerning trial counsel's failure to seek suppression of Jones's identification of him. ECF No. 9-4 at 4-11. The Superior Court found both claims to be waived for failure to develop them on appeal in violation of, *inter alia*, the briefing requirements set forth in Pennsylvania Rules of Appellate Procedure 2114-2119. *Id.* Accordingly, even if Petitioner had supported his claim with sufficient facts, it is procedurally defaulted,[5] and, unless Petitioner could have overcome the default,[6] he would not have been entitled to habeas relief.

---

[5] The doctrine of procedural default is "grounded in concerns of comity and federalism," *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). To summarize, it provides that a Pennsylvania state prisoner in a non-capital case defaults a federal habeas claim if he: (a) failed to present it to the Superior Court and he cannot do so now because the state courts would decline to address the claims on the merits because state procedural rules (such as, for example, the PCRA's one-year statute of limitations) bar such consideration; or (b) failed to comply with a state procedural rule when he presented the claim to the state court, and for that reason the Superior Court declined to address the federal claim on the merits. *See, e.g., Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *O'Sullivan*, 526 U.S. at 851-56 (Stevens, J. dissenting) (describing the history of the procedural default doctrine); *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Lines v. Larkins*, 208 F.3d 153, 162-69 (3d Cir. 2000).

[6] A petitioner may avoid the default of a claim by showing "cause for the default and actual prejudice as a result of the alleged violation of federal law[.]"*Coleman*, 501 U.S. at 750. "'Cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[.]" *Id.* at 753 (emphasis in original). A petitioner may also overcome his default by demonstrating "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. This means that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" *Schlup v. Delo*, 513 U.S. 298, 316 (1995). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Id.* at 324. In only the

The petition will be denied.

IV.     Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner's claim should be dismissed. Thus, a certificate of appealability will be denied with respect to his claim.

An appropriate Order follows.

Dated: September 23, 2025

RICHARD A. LANZILLO
Chief United States Magistrate Judge

---

extraordinary case will a petitioner be able to establish a "fundamental miscarriage of justice." Petitioner has no evidence in this case to support the required finding.